FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

CAMERON WARREN HUSTAD,

Defendant.

No. 2:26-CR-00097-RLP-2

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

**MOTION DENIED**
**(ECF No. 45)**

Before the Court is Defendant CAMERON WARREN HUSTAD's Motion for Reconsideration. **ECF No. 45**. Defendant initially waived his right to a detention hearing but reserved the right to revisit the issue of detention if his circumstances changed. ECF No. 36. The Court held a hearing on October 15, 2026 to consider Defendant's Motion to Reopen Detention, ECF No. 39. The Court denied Defendant's Motion to Reopen Detention with leave to renew due to Defendant's outstanding arrest warrants. ECF No. 44. Defendant now seeks to reopen the question of detention, and the Court finds that Defendant's Motion for Reconsideration, **ECF No. 45**, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f).

Defendant seeks reconsideration of a release plan wherein Defendant would temporarily release from custody to attend inpatient substance abuse treatment at Pioneer Center, though Defendant's Motion for Reconsideration does not provide an updated proposed release date. During the October 15, 2026 hearing, Defendant contended the proposed temporary release plan would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community.

The United States opposed Defendant's release and contended there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community.

***Review and Consideration of the 18 U.S.C. § 3142 Factors:*** The Court has reviewed and considered: the proffers and arguments of counsel; the file in this case; the Indictment, ECF No. 1; the Government's Motion for Detention, ECF No. 22; the Pretrial Services Report, ECF No. 23; the Order Granting United States' Motion for Detention, ECF No. 36; the Supplemental Pretrial Services Report, ECF No. 41; and Defendant's Motion to Reopen Detention Hearing, ECF No. 39; the Order Following Detention Review Hearing, ECF No. 44; and the Motion for Reconsideration, **ECF No. 45**. Pursuant to 18 U.S.C. § 3142, the Court also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g). Finally, the Court also considered that a rebuttable presumption[1] of detention applies in this case pursuant to 18 U.S.C.

---

[1] Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger to the community remains with the Government. *United States v. Hir*, 517 F.3d

§ 3142(e)(3)(A) as this case involves offenses under the Controlled Substances Act for which the maximum penalty is ten years or more in prison. ECF No. 1. The United States previously invoked the rebuttable presumption of detention. ECF No. 22 at 2-3. The Court agrees that the rebuttable presumption applies in the instant case pursuant to 18 U.S.C. § 3142(e)(3)(A).

***Nature and Circumstances of the Charged Offense:*** The nature and circumstances of the charged offenses are serious and weigh in favor of detention. The Indictment charges Defendant with Conspiracy to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(vi); and Possession with the Intent to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(vi). ECF No. 1.

***Weight of the Evidence:*** The weight of the evidence was sufficient for the return of an Indictment, though this is the least important factor in the Court's analysis. This factor weighs minimally toward detention.

***Defendant's History and Characteristics:*** Defendant is 27 years old and has lived in eastern Washington his entire life. ECF No. 41 at 2. Defendant is single and has no children. *Id*. Defendant did not graduate from high school, but did earn his GED. *Id*. Defendant has been unemployed for the past two years and most recently worked at Arrotta's Auto Max as a car detailer. *Id*. Defendant has a long history of substance abuse and reported using cannabinoids,

---

1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

methamphetamine, and fentanyl daily until his arrest. *Id.* at 3. Defendant last attended substance abuse treatment at age 25 at Pioneer Center East. *Id.* Defendant's criminal history includes convictions for: second degree theft (2019); controlled substance- possession of marijuana (2017); third degree theft ( 2019); possess/manufacture/attempt marijuana less than 21 (2019); controlled substance-possess no prescription (2019); no contact order violation (2018); false statement to a public servant (2019); first degree criminal trespass (2020); false statement to public servant (2021); second degree attempted identity theft (2022); criminal mischief deadly weapon (2022); reckless driving (2022); third degree theft (2025); and second degree unlawful possession of a firearm (2024). *Id*. at 3-6. Defendant has pending charges for second degree driving while license suspended and third degree driving while license suspended. *Id*. at 6. Defendant also has failed to appear for court hearings and/or violated the terms of community custody on at least 27 prior occasions. *Id*. at 3-6.

This factor weighs in favor of detention. Defendant has a significant criminal history, repeated failures to appear, and prior violations of the terms of community custody.

***Nature and Seriousness of the Danger to the Community Posed by Defendant's Release:*** The nature of the charges in this case are serious and, again, Defendant's criminal history includes convictions for weapons offeneses, controlled substance offenses and repeated violations of court orders and directives. The nature and serious of the danger to the community and any other person posed by Defendant's release—even for the temporary purpose of attending inpatient substance abuse treatment—must be weighed against the confidence the Court can have that Defendant would abide by any conditions of release the Court could impose. This factor weighs in favor of detention.

***Findings Pursuant to 18 U.S.C. § 3142:*** The Court finds Defendant has overcome the presumption of detention that applies in this case through presentation of a temporary release plan that provides for inpatient substance abuse treatment. The Court further finds the United States established by a preponderance of the evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure Defendant's appearance at future proceedings and the United States established by clear and convincing evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure the safety of other persons or the community if Defendant were released.

**IT IS ORDERED:**

1. Defendant's Motion for Reconsideration, **ECF No. 45,** is **DENIED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel

2. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party

listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket, and Richland cases shall be heard on the following Thursday docket. If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

3. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

4. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED November 13, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE